DOMINICK MELICHAR, Respondent, *v.* ROBERT MICHELSON, Respondent.
(THE SOCIETY OF THE NEW YORK HOSPITAL, Appellant.)

In the Matter of the Application of THE SOCIETY OF THE NEW YORK HOSPITAL, Appellant, for an Order Nunc Pro Tunc to File a Certain Hospital Lien, etc.

DOMINICK MELICHAR, ROBERT MICHELSON and THE TRAVELERS INSURANCE COMPANY, Respondents.

In the first appeal: Order affirmed, without costs. No opinion.

Present — O'Malley, Townley, Dore, Cohn and Callahan, JJ.; Dore, J., dissents in opinion in which O'Malley, J., concurs.

In the second appeal: Order affirmed, without costs. No opinion.

Present — O'Malley, Townley, Dore, Cohn and Callahan, JJ.; Dore, J., dissents in opinion in which O'Malley, J., concurs.

DORE, J. (dissenting). Section 189 of the Lien Law relating to hospital liens was enacted in 1936 to afford hospitals a practical and much needed method to compel payment of reasonable charges by injured persons who receive hospital care and treatment and later recover substantial sums through court action or settlement. It should be liberally construed to secure the beneficial interests and purposes of the statute and a substantial compliance with its provisions should be deemed sufficient for the validity of the lien as expressly provided in section 23 of the Lien Law.

Section 189 makes a clear distinction between the preliminary notice of lien and the additional notice of lien which is here in question. With regard to the first, the statute expressly provides that no " such lien shall be effective " unless written notice shall be filed in the county clerk's office " prior to the payment of any moneys to such injured person * * *." Concededly, this basic notice of lien was duly filed by the appellant hospital on February 5, 1938, within the express limitation of the language of the statute long prior to the payment of any moneys to the injured person, which did not occur until July 18, 1938. It was not until the day after this payment that the attorney for the injured person moved to vacate the lien solely on the ground that the *additional* notice was filed seven instead of five days after the patient's discharge from the hospital on January 29, 1938. The above language providing that the lien shall not be " effective " is not repeated in respect to the additional notice of lien. With regard to this, the statute merely says that any hospital claiming a lien shall, " in addition to the foregoing, file in the said county clerk's office within five days of the discharge of any injured person, an additional notice of lien, duly verified, which shall show the

total hospital charges which have accrued and no lien hereunder shall exceed this amount." To construe this language to mean that the lien shall not be effective unless the additional notice is filed within five days is to read an inconsistency into the statute itself which directly above in the same paragraph [subdivision] expressly provides when the lien shall not be effective, to wit, only when it is not filed " prior to the payment of any moneys to such injured person  *  *  *."

We are not here concerned with the amount of the lien which in no event under the terms of the statute may exceed " the reasonable charges " of the hospital for care and treatment " at cost rates " in such hospital. (§ 189.) The reasonableness of the charges can be determined judicially upon the enforcement of the lien. We are here solely concerned with the filing thereof.

This unconscionable effort to avoid payment for the care and treatment rendered by the hospital to this injured person who has received $5,000 in settlement of his action, should not be sustained unless the statute compels that result. In my opinion it does not.

The order vacating the lien should, accordingly, be reversed and the motion to vacate and cancel denied. This disposition of the motion to cancel renders academic the appeal on the order denying the motion to file *nunc pro tunc*, which appeal should, accordingly, be dismissed.

O'Malley, J., concurs, with Dore, J.